IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

JANET RANDLE,                          )
                                       )
            Plaintiff,                 )
                                       )
      v.                               )   Case No. 17 C 148
                                       )
CROCKETT CONSTRUCTION, INC. and        )
WESTFIELD INSURANCE COMPANY,           )
                                       )
            Defendants.                )

## MEMORANDUM ORDER

Janet Randle ("Randle") has filed a bulky pro se document captioned "Original Complaint," supplemented by Exs. A through G, against Crockett Construction, Inc. ("Crockett") and Westfield Insurance Company ("Westfield"). Because nonlawyer Randle's filing has understandably reflected a number of obvious mistakes (that is, obvious to lawyers), this memorandum order is issued sua sponte in fulfillment of this Court's obligation to view pro se filings through a more forgiving lens (see Haines v. Kerner, 404 U.S. 519 (1972)).

To begin with, Complaint ¶ 4 begins by stating:

This case qualifies for removal under federal diversity jurisdiction pursuant to 28 U.S.C. § 1332 et seq.

That allegation is of course inappropriate, for the concept of "removal" applies to actions brought in the state courts but qualifying for transfer to federal courts when federal subject matter jurisdiction exists (see 28 U.S.C. §§ 1446 through 1448). In this instance Randle has correctly captioned her filing "Original Complaint" (emphasis added), so that the quoted sentence from Complaint ¶ 4 must be and is stricken, although its assertion as to the existence of federal diversity jurisdiction does need examination.

In that respect Complaint ¶¶ 7 through 9 provide satisfactory allegations as to the states of citizenship of Crockett and Westfield, but Complaint ¶ 6 speaks of Randle's Texas <u>residence</u> rather than her state of <u>citizenship</u>, which by definition is the relevant fact for diversity purposes. On that score such opinions as <u>Adams v. Catrambone</u>, 359 F.3d 858, 861 n.3 (7th Cir. 2004) issued by our Court of Appeals teach:

> When the parties allege residence but not citizenship, the district court must dismiss the suit.

But once again this Court would be reluctant to stick pro se filer Randle with another $400 fee for filing a second (and correctly framed) lawsuit (although it is of course true that a party's place of residence does not always coincide with his or her state of citizenship). Hence if Randle files a simple amendment to the Complaint modifying Complaint ¶¶ 2 and 6 to reflect her state of citizenship, and if that revised allegation confirms the required existence of total diversity, the action will be permitted to proceed.

Next and importantly, Randle's prolix Complaint, comprising fully 134 paragraphs as well as two short sections captioned "Damages" and "Prayer," is totally at odds with the "notice pleading" concept that governs federal practice (in that regard Fed. R. Civ. P. 8(a)(2) calls for a "short and plain statement of the claim showing that the pleader is entitled to relief"). That differs dramatically from the "fact pleading" regime that is operative in most state courts.[1] But rather than sending Randle back to the drawing board, this Court will leave the Complaint in its present form, without prejudice to any matters that Crockett or Westfield may raise as to the sufficiency of Randle's filings.

---

[1] That state-court approach is also manifested in Randle's references to "cause of action" rather than to the federal concept of "claim for relief," for the state law concept typically includes a theory of recovery while the federal does not.

Finally, this Court is contemporaneously issuing its customary scheduling order. If any of the parties wishes to raise any issues in advance of the scheduled status hearing date, such matters must be brought on by notice and presentment in accordance with this District Court's LRs.[2]

_____
Milton I. Shadur
Senior United States District Judge

Date: January 11, 2017

---

[2] For Randle's information, "LR" is the shorthand abbreviation for this District Court's Local Rules.