IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **JANET RANDLE**, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 17 C 148 |
| | ) |
| **CROCKETT CONSTRUCTION, INC.** and | ) |
| **WESTFIELD INSURANCE COMPANY**, | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM ORDER**

    Crockett Construction, Inc. ("Crockett"), one of the two defendants in this action brought by plaintiff Janet Randle ("Randle," an out-of-state lawyer acting pro se in this case), has filed its Answer to Randle's lengthy Complaint pursuant to a stipulation allowing such filing to be made instanter. This memorandum order is issued sua sponte because of a number of problematic aspects of that responsive pleading.

    To begin with, after having begun with a series of admissions and denials of Randle's allegations in accordance with Fed. R. Civ. P. ("Rule") 8(b)(1)(B), Crockett's counsel launched Answer ¶ 30 and a torrent of further responses that purported to invoke the Rule 8(b)(5) disclaimer that is allowable when neither an outright admission nor a flat-out denial of a plaintiff's allegation is appropriate (see Answer ¶¶ 30, 32-39, 42-45, 49-51, 53-59, 61-74, 76, 79-86, 90, 93 and 132-34). But despite the unambiguous roadmap charted out by Rule 8(b)(5) for that purpose, Crockett's counsel has inexplicably (and impermissibly) strayed from that path in two respects.

    First, although Rule 8(b)(5) requires a more demanding disclaimer of <u>information</u> as well as knowledge sufficient to form a belief, the above-listed paragraphs of the Answer consistently

omit any reference to "information." That flaw must be cured in the Amended Answer that will be required in response to this memorandum order.

Just as significantly, Crockett's counsel invariably follows each flawed Rule 8(b)(5) disclaimer with the language "and, therefore, denies same." That is of course oxymoronic -- anyone who asserts the absence of enough knowledge or information or both to form a belief as to the truth of an allegation cannot, by definition, then go on to deny that allegation in the objective and subjective good faith demanded by Rule 11(b). Accordingly the additional "denial" phraseology quoted earlier is stricken wherever it appears in Crockett's Answer.

Next in the order of appearance, though not of importance, Answer ¶ 104 and other like paragraphs of the Answer set out another type of disclaimer -- a subject matter jurisdictional one. In those paragraphs Crockett denies the over-$75,000 amount-in-controversy component of this action, which seeks to invoke the diversity-of-citizenship branch of federal subject matter jurisdiction. That is somewhat difficult to understand in light of the damages allegations in Randle's Complaint ¶ IX, but if that is really Crockett's contention it ought to be dealt with up front rather than being permitted to lie dormant as a potential fatal flaw to be addressed at some point in the future.

As one final defect listed in the order of their appearance in Crockett's responsive pleading, Answer ¶¶ 116-18 are also unsatisfactory. It will not do for Crockett to hedge a real response to plaintiff Randle's allegation as to specific duties by voicing a nonresponsive admission that "it owed only those duties imposed by law." In the Amended Answer that Crockett's counsel must file, those paragraphs have to be dealt with in a more forthright fashion.

As already indicated, Crockett's counsel must return to the drawing board to file a self-contained Amended Answer (to that end the existing pleading is stricken in its entirety).

Because the defects identified here were plainly lawyer-generated rather than client-generated, no charge is to be made to Crockett for the time and expense involved in producing that replacement pleading. Crockett's counsel are directed to apprise their client of that fact and to transmit a copy of their letter so advising Crockett to this Court's chambers (for purely informational purposes, not for filing). Finally, unless Crockett's counsel indicate some problem in meeting this timetable, that responsive pleading is ordered to be filed and transmitted on or before April 26, 2017.

_____
Milton I. Shadur
Senior United States District Judge

Date: April 5, 2017